UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMAL DEHOYAS,

                              Plaintiff,

-vs-

                                                11-CV-6084 CJS (MWP)

LEVAC, Lieutenant, Five Points Correctional Facility,

                                         Defendant.

DECISION and ORDER

INTRODUCTION

Plaintiff, a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights by assaulting him. Now before the Court is Defendant's motion for summary judgment (Docket No. [#19]). The application is granted.

BACKGROUND

On February 16, 2011, Plaintiff commenced this action. Plaintiff's Complaint [#1] alleges that on December 18, 2010, at Five Points Correctional Facility ("Five Points"), he was involved in a fight with another inmate. After the fight, Plaintiff was handcuffed and placed in a holding cell. According to Plaintiff, Defendant entered the cell, threw Plaintiff on the floor, and "stuck his hand in [Plaintiff's] rectal area with great force." Complaint [#1] ¶ 6. Plaintiff appears to be alleging that Defendant was conducting a body cavity search

for a weapon,[1] though he also maintains that after searching Plaintiff's rectal area, Defendant gratuitously punched[2] Plaintiff in the genitals. Plaintiff alleges that Defendant's actions violated Plaintiff's Eighth Amendment rights.

The Complaint indicates that Plaintiff filed an inmate grievance concerning the alleged assault by Defendant. In that regard, the Complaint states: "I filed a grievance. However, after placing it in the facility mailbox, I received no response. . . . Received no response. Mail was not being forwarded." Complaint ¶ 4.

Following a period of pretrial discovery, on December 20, 2011, Defendant filed the subject motion for summary judgment on several grounds, including that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. In support of the application, Defendant submitted a copy of Plaintiff's deposition transcript, in which he testified, *inter alia*, that prior to the alleged assault by Defendant he had filed various grievances against prison staff during his incarceration at Five Points. Pl. Dep. at 15. Plaintiff also indicated that he had previously appealed the denial of certain grievances unrelated to this action to the facility superintendent and to DOCCS' Central Officer Review Committee ("CORC"). *Id*. at 17. With regard to the incident at issue here, Plaintiff testified that on December 18, 2010, he wrote an inmate grievance about the alleged assault by Defendant. However, he states that "[t]he grievance officer never came to see [him]", so he believes that the grievance was destroyed "upon going to the grievance office." *Id*. at 31. Plaintiff states that he subsequent sent a copy of the grievance "straight to Albany," meaning CORC. *Id*. ("The grievance officer never came to

---

[1]See, Pl. Dep. at p. 24 (Plaintiff testified that Defendant sexually assaulted him while conducting a search of his rectal area for a weapon).
[2]Plaintiff later stated at deposition that Defendant grabbed his testicles during the body cavity search, but did not refer to being punched.

see me so I sent it straight to Albany."); *see also, id*. at p. 32.  Plaintiff also maintains that he sent a copy of the grievance to the Superintendent at Five Points. *Id*. at 32.  Plaintiff does not claim that he ever received a response from either the Superintendent or CORC.

Contrary to Plaintiff's deposition testimony, Defendant has submitted affidavits from Patrick O'Neill ("O'Neill"), the Inmate Grievance Supervisor at Five Points, and Jeffrey Hale ("Hale"), the Assistant Director of DOCCS' Inmate Grievance Program, who is also a custodian of CORC's records.  Both O'Neill and Hale indicate that they have searched their respective records and can find nothing relating to any grievance or appeals by Plaintiff involving the alleged assault by Defendant. *See*, Affidavits [#23] & [#24].

On January 23, 2012, Plaintiff requested [#29] an enlargement of time in which to file a response to Defendant's motion.  On March 22, 2012, the Court granted Plaintiff's application and issued a Motion Scheduling Order [#30] directing Plaintiff to file and serve any response on or before May 4, 2012.  However, Plaintiff never filed a response.

ANALYSIS

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

"[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party ." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).[3]

---

[3] **Defendant provided Plaintiff with the "Irby" Notice to *Pro Se* Litigants as required by Local Rule of Civil Procedure 56.2. (Docket No. [#20] ).**

Defendant maintains that Plaintiff's claim must be dismissed pursuant to 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, in order to satisfy 42 U.S.C. § 1997e(a), a plaintiff must file a grievance with respect to the challenged behavior, using DOCCS's Inmate Grievance Program procedures. Assuming that the grievance is denied, he must then exhaust the grievance appeal process, by appealing to the facility Superintendent, and then to the Central Officer Review Committee ("CORC").

However, the Second Circuit has identified circumstances in which an inmate's unsuccessful attempt to exhaust may still meet the exhaustion requirements of § 1997e(a). *See Hemphill v. N.Y.*, 380 F.3d 680 (2d Cir.2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004). In that regard,

> [w]hile the Second Circuit has recognized that the PLRA's exhaustion requirement is mandatory, it has also recognized three exceptions to the exhaustion requirement: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."

*Chisholm v. New York City Dept. of Correction,* No. 08 Civ. 8795(SAS), 2009 WL 2033085 at *2 (S.D.N.Y. Jul. 13, 2009) (*quoting Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006)).

In the instant case, Plaintiff used a form complaint to commence this action. The form complaint asked Plaintiff to describe the steps that he had taken to pursue his administrative remedies. Specifically, the form complaint asked, "What steps did you

take?," and "What was the final result of your grievance?"  In his sworn Complaint [#1] Plaintiff indicated only that he had filed an inmate grievance at the facility level, but received no response.  Plaintiff did not indicate that he took any further action.  However, at his deposition, he stated that he later sent the grievance both to the facility superintendent and to CORC, after he did not receive a response to his grievance.  Plaintiff also stated that he had no copies of the grievance or any other type of record to support his contention, because his papers had been destroyed.  Consequently, there is no indication in the record as to the actual content of the alleged grievance.  Moreover, after Defendant filed his summary judgment motion supported by the affidavits from O'Neill and Hale, Plaintiff never contested them.

    On the facts of this case, including Plaintiff's familiarity with the grievance procedures and the lack of any supporting documentation to establish that he complied with them, the Court finds that Plaintiff's bare assertion at deposition, that he sent copies of his grievance to the facility superintendent and to CORC, which statement is inconsistent with his prior sworn statement in his Complaint, is insufficient to create a triable issue of fact as to whether he exhausted his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e. *See, Mitchell v. Senkowski*, 158 Fed.Appx. 346, 350, 2005 WL 3429422 at *3 (2d Cir. Dec. 14, 2005) ("Appellant's conclusory assertion that prison officials obstructed his utilization of the grievance process is insufficient to raise a genuine dispute of material fact that would defeat summary judgment."); *see also*, *Reynoso v. Swezey*, 238 Fed.Appx. 660, 664, 2007 WL 1836880 at *3 (2d Cir. Jun. 25, 2007) ("Reynoso's brief to this court and his memorandum of law in the district court both assert in a conclusory fashion that he failed

to appeal the denial of this grievance because he never received notice of its denial; yet Reynoso never mentioned this fact in his deposition or his sworn affidavit in response to the summary judgment motion, and there is therefore no record evidence to support his contention. Moreover, the district court remarked upon Reynoso's obvious familiarity with the grievance process and his propensity for writing letters to corrections personnel when he was dissatisfied with developments in his proceedings-the record discloses no evidence that Reynoso ever pursued any inquiry as to the status of his SHU diet grievance.").

## CONCLUSION

Defendants' motion [#19] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

So Ordered.

Dated: Rochester, New York
     May 28, 2013

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge